UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

BRAD LEE MALONE                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 4:15CV-P29-JHM

RON HERRINGTON *et al.*                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Brad Lee Malone's *pro se*

complaint pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the Eighth Amendment

excessive-force claim will proceed against Defendant K9 Lt. Rolley in his individual capacity for

damages, and all other claims will be dismissed.

## I.  SUMMARY OF CLAIMS

Plaintiff is currently incarcerated at the Warren County Regional Jail.  The claims in the

complaint, however, concern his detention at the Henderson County Detention Center (HCDC).

He brings this 42 U.S.C. § 1983 action against the following HCDC Defendants in both their

individual and official capacities:  Henderson County Jailer Ron Herrington,[1] K9 Lt. Rolley,

Captain Ackerman, Captain Floyd, Col. Gibson, and Lt. Buckman.

As his first claim, Plaintiff alleges that while in the HCDC between noon and 2:00 p.m.

on January 22, 2015, he was escorted to an isolation cell as a result of a "verbal altercation" with

two other inmates.  He reports that the cell was 8' x 11', had only one metal bunk, and already

had another inmate residing therein.  "My only two options on where to place my mattress to

sleep," maintains Plaintiff, "are up against the toilet (when the other inmate gets up to use the

restroom the toilet water would splash all over me) or directly in front of the door. which would

---

[1] Plaintiff sues Henderson County Jailer Ron "Harrington."  The Court takes judicial notice, however, of the correct spelling of the Jailer's name, "Herrington," and will use that spelling throughout the opinion.

block the exit in the event of an emergency." He advises that he further noticed that the isolation

cell in which he was placed "had no fire sprinkler system in it. Further causing a fire hazard."

Plaintiff reports expressing his concerns to Defendant Lt. Buckman, who responded, "'Thats

good enough for you.'" Plaintiff asserts that as jailer, Defendant Herrington "is fully aware of

the inadiquite fire prevention system's and the substandard living space in the isolation cells in

which inmates are housed."

As his second claim, Plaintiff alleges an excessive-force incident involving Defendant K9

Lt. Rolley. Plaintiff claims that later in the day at about 5:00 p.m. on January 22, 2015,

> I started to kick my cell door. K9 Lt. Rolley responded with several other
> officers. K9 Lt. Rolley told me to sit down. My response to this request
> was "F*** sitting down, spray me, taze me, what the f*** ever." I then
> started to back away from the cell door. I turned looking for the stool in
> this cell to sit down. The video . . . will show that when K9 Lt. Rolley
> made entry to this cell my hands were down by my sides and I made no
> threating movements of any kind towards the officers. K9 Lt. Rolley then
> grabbed me up and slammed me onto the corner of the metal bunk in this
> cell. My forehead struck the corner of this bunk opening a 4" to 5" gash on
> my forehead all the way down to my skull. I also suffered a deep laceration
> to my right cheek . . . . I was dazed, all the anger and anything else was
> gone. K9 Lt. Rolley then placed his knee into by back and his hand on the
> back of my head grinding it into the mattress that was folded into the corner
> making my injuries worse. . . . Medical was notified . . . . I was transported
> to the local hospital emergency room for treatment. I was given a cat-scan,
> I received 2 stitches inside my forehead, 12 stitches to the outside of my
> forehead, and 2 stitches to the cut on my right cheek. I was then cleared by
> the hospital medical doctor and released.

Third, Plaintiff claims that when he returned to HCDC, he was written up for several

different rule violations. He reports that a month earlier on December 22, 2014, he was written

up for several infractions from a different incident and that Defendants Captains Floyd and

Ackerman lied on the write ups. According to Plaintiff, after Plaintiff received the new

January 22, 2015, write up, Defendant Col. Gibson "changed the offical charges on that previouse write up to best suit the needs of this new write up."

As relief, Plaintiff seeks monetary and punitive damages and the following injunctive relief:  transferring him to another facility and requiring all Defendants to resign.

## II.  <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action

against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166

(quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Plaintiff's official-capacity claims against the HCDC Defendants, therefore, are actually against

Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that

4

civil rights suit against county clerk of courts in his official capacity was equivalent of suing

clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.

City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting

*Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).  To demonstrate

municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

policy to the municipality, and (3) show that his particular injury was incurred due to execution

of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis

Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or

injury occurred as a result of a policy or custom implemented or endorsed by Henderson County.

Accordingly, the complaint fails to establish a basis of liability against the municipality and fails

to state a cognizable § 1983 claim.  Therefore, the official-capacity claims against all Defendants will be dismissed.

### B.  Individual-Capacity Claims

#### 1.  Injunctive Relief

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to his release from confinement or transfer to another facility.  *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).  Here, Plaintiff asks the Court to direct his transfer to another facility and to order Defendants' resignation.  Shortly after filing the complaint, however, Plaintiff was transferred away from HCDC to the Bullitt County Detention Center, and he is now at the Warren County Regional Jail.  Because Plaintiff is no longer incarcerated at the HCDC, the claim for injunctive relief will be dismissed as moot.

#### 2.  Damages

#### a.  Jailer Herrington

Plaintiff claims that Defendant Jailer Herrington violated the following rights:  "1) My right to adiquit living space on 1-22-15 Jailer [] knowingly use inadiquit isolation cell's.  Two inmates in one 8' x 11' cell"; "2) My right to live in a safe living environment.  On 1-22-15 Blocking the Fire exit to the cell creating a fire hazard.  And having no sprinkler system in this isolation cell"; and "3) My right to live in a clean and healthy environment.  Making me sleep infront of the toilet on the floor. on 1-22-15."

An Eighth Amendment claim has both an objective and subjective component:  (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference."  *Wilson*, 501 U.S. at 303.

Plaintiff complains of being in the isolation cell on one day (1-22-15) and for only a few hours (from around noon to 5:00 p.m.).  Plaintiff alleges no harm or injury resulting from the size of the cell, the presence of another inmate in that cell, or the "inadiquite fire prevention system's."  Further, because Plaintiff has been transferred away from the HCDC, there is no likelihood that he will be placed in that same isolation cell or in another cell with similar conditions.  He simply fails to allege facts that state an Eighth Amendment claim.

Moreover, because he claims that "[a]s jailer of the [HCDC] Ron Herrington is fully aware" of the cell conditions, Plaintiff is attempting to hold Defendant Jailer Herrington responsible based on his supervisory position.  However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability."  *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).  Rather, "a plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff fails to allege that Defendant Jailer Herrington was actively involved in any of the alleged wrongdoing. The Court, therefore, will dismiss the individual-capacity claims against Defendant Jailer Herrington for failure to state a claim upon which relief can be granted.

### b. Lt. Buckman

Plaintiff alleges that when he complained about the conditions in the isolation cell to Defendant Lt. Buckman, that Defendant stated, "'Thats good enough for you.'" Plaintiff claims that by Defendant saying this, Defendant "had a biased opinion of me."

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim. *Id.* at 955; *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Plaintiff has failed to make any allegations of a constitutional dimension

against Defendant Lt. Buckman, and the claim against him will be dismissed for failure to state a claim upon which relief may be granted.

### c. K9 Lt. Rolley

Upon consideration, the Court will allow the Eighth Amendment excessive-force claim to proceed against Defendant K9 Lt. Rolley for damages.

### d. Captains Floyd and Ackerman and Col. Gibson

Plaintiff alleges a violation of his "right to Proper Due Process in an Adjustment Commity Proceeding (court call) on 12-22-14 [when] Capt's Floyd and Ackerman knowingly lied on an offical Department of Corrections [DOC] write up." He further alleges a due process violation when "on 1-22-15 Col. Gibson changed the previous charges on that offical [DOC] write up to better suit the jails needs on this new write up."

 "Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary governmental action." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). Plaintiff wholly fails to allege the deprivation of a property interest. To the extent he alleges deprivation of a liberty interest, "[s]uch a liberty interest can arise from the Constitution," *id.*, and "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). These state-created liberty interests, however, "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." *Id.* at 484 (citations omitted).  However, a restraint which

"inevitably affect[s] the duration of [an inmate's] sentence" creates a liberty interest.  *Id.* at 487.

Plaintiff merely claims that Defendants Floyd, Ackerman and Gibson lied or "changed

charges" on write ups.  He does not allege that he was found guilty of the disciplinary charges

and, if so, what, if any, discipline he received.  Plaintiff fails to allege a restraint either affecting

the duration of his sentence or imposing an atypical and significant hardship on him in relation to

the ordinary incidents of prison life.  Accordingly, Plaintiff has failed to demonstrate the

deprivation of a protected liberty interest that would entitled him to procedural due process

protections, and his due process claims against Defendants Captain Floyd, Captain Ackerman,

and Col. Gibson will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that on initial review of the complaint, the Eighth Amendment

excessive-force claim will continue against Defendant K9 Lt. Rolley in his individual capacity

for damages.  In permitting this claim to proceed, the Court passes no judgment on the merits

and ultimate outcome of the action.  A separate Scheduling Order will be entered to govern the

development of the continuing claim.

**IT IS FURTHER ORDERED** that all other claims against all remaining Defendants are

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief

may be granted.

As all claims against Defendants Jailer Herrington, Lt. Buckman, Captains Ackerman and Floyd, and Col. Gibson are dismissed, the **Clerk of Court is DIRECTED to terminate** them from this action.

Date:  July 7, 2015

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Henderson County Attorney
4414.005

11