UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BRAD LEE MALONE                                                              PLAINTIFF

v.                                             CIVIL ACTION NO. 4:15CV-P29-JHM

K9 LT. ROLLEY                                                                DEFENDANT

## MEMORANDUM OPINION

On January 19, 2016, two Orders sent to Plaintiff Brad Lee Malone, *pro se*, were returned

to the Court by the United States Postal Service with the returned envelope marked "Return to

Sender, Not Deliverable As Addressed, Unable to Forward" (DN 51).  On that same date,

Defendant Lt. Rolley, by counsel, filed a "Notice of Plaintiff's Status As A Fugitive" (DN 53).  In

the Notice, Defendant reports that Plaintiff was released from custody to report to a halfway house

but failed to timely report thereto and that a parole warrant for the arrest of Plaintiff is outstanding.

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court

advised of his current address and to actively litigate his claims.  *See* Local Rule 5.2(d) ("All pro se

litigants must provide written notice of a change of address to the Clerk and to the opposing party

or the opposing party's counsel.  Failure to notify the Clerk of an address change may result in the

dismissal of the litigant's case or other appropriate sanctions.").  Over a month has passed without

Plaintiff providing any notice of an address change.  Therefore, neither orders from this Court nor

filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  "Further, the United States Supreme

Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Plaintiff having failed to file a notice of change of address, the Court concludes that he has abandoned any interest in prosecuting this case, and the Court will dismiss the action by separate Order.

Date:  March 7, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Counsel of Record
4414.005

2